IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:19-CT-3167-FL

| | |
|---|---|
| DEVONTAY D. MYLES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| LT. JAMES WILLIAMS, SHIRLEY ) | |
| BENNETT, and STACEY COLLIER[1], ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on the parties' cross motions for summary judgment pursuant to Federal Rule of Civil Procedure 56 (DE 49, 52), and on defendants' motion to seal filings submitted in support of their motion for summary judgment (DE 55). The motions were briefed fully and in this posture the issues are ripe for ruling.

**STATEMENT OF THE CASE**

Plaintiff, a state inmate proceeding pro se, commenced this action on June 14, 2019, asserting claims for violation of his civil rights pursuant to 42 U.S.C. § 1983.[2] In the operative complaint, plaintiff alleges defendants Lt. James Williams ("Williams"), Shirley Bennett ("Bennett"), and Stacey Collier ("Collier") were deliberately indifferent to his serious medical

---

[1] On February 25, 2020, and June 3, 2020, the court dismissed plaintiff's claims against formerly-named defendants Johnston Correction Institution, NC Department of Public Safety, Warren Correctional Institution, and Prison Director.

[2] On January 12, 2022, plaintiff was released from custody. See N.C. Dep't of Pub. Safety, Offender Pub. Info., https://webapps.doc.state nc.us/opi/offender search.do?method=view (search by inmate number).

needs in violation of the Eighth Amendment to the United States Constitution and retaliated against him in violation of the First Amendment to the United States Constitution.[3]

Following a period of discovery, and in accordance with the court's case management order, plaintiff filed the instant motion for summary judgment on September 22, 2021. Defendants responded to plaintiff's motion by filing a cross motion for summary judgment, relying upon a memorandum of law, statement of material facts, and appendix of exhibits thereto, comprising the following: 1) declaration of counsel with exhibits a–i comprising North Carolina Department of Public Safety ("DPS") public information search results for plaintiff, DPS public offender search results and infraction history for plaintiff, plaintiff's December 20, 2018 medical intake screen upon entering Warren Correctional Institution, plaintiff's medical encounters from January and February 2019, plaintiff's March 29, 2019 use of force medical screen, plaintiff's March 29, 2019 medical encounter, plaintiff's disciplinary report finding guilty of March 29, 2019 offenses, plaintiff's pending grievance, and DPS grievance policy G.0300; 2) defendant Collier's declaration; 3) defendant Williams's declaration; and 4) defendant Bennett's declaration. Defendants also filed the instant motion to seal, requesting that the court seal the memorandum, statement of material facts, and appendix in their entirety.

---

[3] Shortly after filing the complaint, plaintiff filed numerous motions to amend the complaint. On February 25, 2020, the court granted plaintiff's motions to amend, dismissed formerly named defendants Johnston Correctional Institution, Warren Correctional Institution, and NC Department of Public Safety, and directed plaintiff to particularize his Eighth Amendment claim for failure to provide medical care and First Amendment claim for retaliation by naming the parties responsible for his alleged deprivation and retaliation. Plaintiff subsequently amended the complaint by naming defendants Williams, Bennett, Collier, and formerly named defendant Prison Director for the North Carolina Department of Public Safety. On June 3, 2020, the court conducted its frivolity review of the amended complaint and allowed plaintiff to proceed with his First and Eighth Amendment claims against defendants Williams, Bennett, and Collier. Plaintiff subsequently filed two more motions for leave to amend, which the court denied on May 20, 2021.

Plaintiff responded in opposition to defendants' cross motion for summary judgment, relying upon a memorandum of law in opposition to defendants' motion, statement of material facts, and an appendix comprising of defendants' declarations and letters.

On November 8, 2021, defendants filed a supplemental memorandum of law, supplemental statement of material facts, and supplemental appendix of exhibits thereto, comprising the following: 1) declaration of counsel with exhibits a–i comprising the initial complaint filed in Myles v. Edwards, No. 5:19-CT-3128-D (E.D.N.C. May 2, 2019), the first amended complaint in Myles v. Edwards, No. 5:19-CT-3128-D (E.D.N.C. June 6, 2019), the second motion to amend the complaint in Myles v. Edwards, No. 5:19-CT-3128-D (E.D.N.C. June 27, 2019), the third amended complaint in Myles v. Edwards, 5:19-CT-3128-D (E.D.N.C. July 18, 2019), the first frivolity review in Myles v. Edwards, No. 5:19-CT-3128-D (E.D.N.C. Mar. 26, 2020), the second frivolity review after remand in Myles v. Edwards, No. 5:19-CT-3128-D (E.D.N.C. Sept. 3, 2020), the revised scheduling order in Myles v. Edwards, No. 5:19-CT-3128-D (E.D.N.C. Sept. 23, 2021), the notice of substitution filed in Myles v. Edwards, No. 5:19-CT-3128-D (E.D.N.C. Sept. 23, 2021), and the motion for summary judgment filed in Myles v. Edwards, No. 5:19-CT-3128-D (E.D.N.C. Nov. 1, 2021).

Plaintiff responded in opposition to defendants' supplemental memorandum of law relying upon a memorandum of law in opposition to defendants' motion and a statement of material facts.

## STATEMENT OF FACTS

The facts as summarized by plaintiff are as follows: "Plaintiff was assaulted for fil[ing] grievance at Warren Correction in retaliation by Lt. Williams and Serge[ant] Tyreik Taylor and Sgt Edward also C/O Campbell." (DE 64) 1.   The allegations of plaintiff's complaint stem from

3

an incident at Warren Correctional Institution on March 29, 2019. See Am. Compl. (DE 11-1) 2. Plaintiff was called to defendant Williams's office "for a grievance about medic[al] that was never submitted, and also given to Officer Tyriek Taylor." Id. Plaintiff contends defendants Williams and Taylor "tried to make [him] trash the grievance so [he] stood to leave [and] Lt. Williams stated in his statement [plaintiff] assaulted Sgt. Taylor with the door so they used excessive use of force by hitting and kicking [him]." Id.

## DISCUSSION

A. Standard of Review

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the non-moving party must then "come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (internal quotation omitted).

Only disputes between the parties over facts that might affect the outcome of the case properly preclude entry of summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (holding that a factual dispute is "material" only if it might affect the outcome of the suit and "genuine" only if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party). "[A]t the summary judgment stage the [court's] function is not [itself]

to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. In determining whether there is a genuine issue for trial, "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [non-movant's] favor." Id. at 255; see United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) ("On summary judgment the inferences to be drawn from the underlying facts contained in [affidavits, attached exhibits, and depositions] must be viewed in the light most favorable to the party opposing the motion.").

Nevertheless, "permissible inferences must still be within the range of reasonable probability, . . . and it is the duty of the court to withdraw the case from the [factfinder] when the necessary inference is so tenuous that it rests merely upon speculation and conjecture." Lovelace v. Sherwin–Williams Co., 681 F.2d 230, 241 (4th Cir. 1982) (quotations omitted). Thus, judgment as a matter of law is warranted where "the verdict in favor of the non-moving party would necessarily be based on speculation and conjecture." Myrick v. Prime Ins. Syndicate, Inc., 395 F.3d 485, 489 (4th Cir. 2005). By contrast, when "the evidence as a whole is susceptible of more than one reasonable inference, a [triable] issue is created," and judgment as a matter of law should be denied. Id. at 489-90.

B.  Analysis

Defendants argue that plaintiff's action is duplicative of another action in this district and that plaintiff is improperly claim splitting. See (DE 61) 3–5. Plaintiff filed the instant action ("Myles II") on June 14, 2019. He filed another, very similar, action on May 2, 2016. See Compl., Myles v. Edwards, No. 5:19-CT-3128-D (E.D.N.C. May 2, 2019), (DE 1) ("Myles I"). In Myles I, plaintiff named as defendants Williams, Bennett, Tyriek Taylor ("Taylor"), Brandon

Edwards ("Edwards"), and Philip Campbell ("Campbell"). See id. at 3–4. Plaintiff alleged that defendants used excessive force and were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. See Myles I, (DE 1) 5–7, (DE 67) 2–5. The allegations of plaintiff's complaint stemmed from an incident that occurred in defendant Williams's office on March 29, 2019. See Myles I, (DE 1) 5–7, (DE 67) 2–5.

"Because district courts are not required to entertain duplicative or redundant lawsuits, they may dismiss such suits as frivolous pursuant to [28 U.S.C. §] 1915(e). Generally, a lawsuit is duplicative of another one if the parties, issues and available relief do not significantly differ between the two." Cottle v. Bell, 229 F.3d 1142, 2000 WL 1144623, at *1 (4th Cir. 2000) (per curiam) (unpublished table decision) (citations omitted); see I.A. Durbin, Inc. v. Jefferson Nat'l Bank, 793 F.2d 1541, 1551–52 (11th Cir. 1986) (collecting cases); Richardson v. Thompson, No. 4:04–1256–27, 2004 WL 3316381, *2–3 (D.S.C. Oct. 7, 2004), aff'd, 124 F. App'x 795 (4th Cir. 2005) (unpublished) (per curiam). Moreover, under the doctrine of res judicata, "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981); see Allen v. McCurry, 449 U.S. 90, 94 (1980); Laurel Sand & Gravel, Inc. v. Wilson, 519 F.3d 156, 161–62 (4th Cir. 2008); Pueschel v. United States, 369 F.3d 345, 354 (4th Cir. 2004). Similarly, the rule against claim splitting "prohibits a plaintiff from prosecuting its case piecemeal and requires that all claims arising out of a single wrong be presented in one action." Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp., 273 F. App'x 256, 265 (4th Cir. 2008) (per curiam) (unpublished) (quotation omitted); see Pueschel, 369 F.3d at 355; Nash Cty. Bd. of Educ. v. Biltmore Co., 640 F.2d 484, 490 (4th Cir. 1981). A court may dismiss a second

suit "if the claim involves the same parties and arises out of the same transaction or series of transactions as the first claim." Sensormatic Sec. Corp., 273 F. App'x at 265 (quotation omitted). In other words, "[w]hen one suit is pending in federal court, a plaintiff has no right to assert another action on the same subject in the same court, against the same defendant at the same time." Id.

Here, plaintiff names two of the same defendants in Myles I and his claims arise out of the same incident in defendant Williams's office on March 29, 2019. Moreover, plaintiff's construction of the facts and issues in Myles II is duplicative of Myles I. Compare Myles II, (DE 64) 1 with Myles I, (DE 67) 2–5. To the extent that plaintiff names additional claims or defendants in Myles II that arose from the same transaction or series of transactions in Myles I, plaintiff should have raised all claims against all defendants in Myles I. Accordingly, the court grants defendants' motion for summary judgment and denies plaintiff's motion for summary judgment.

C. Defendants' Motion to Seal

Defendants move to seal the memorandum of law, statement of material facts, and appendix of exhibits filed in support of the motion for summary judgment. The court begins with the request to seal the memorandum of law and statement of material facts. The First Amendment provides a qualified right of access to summary judgment briefs, which "may be abrogated only in unusual circumstances." Doe v. Public Citizen, 749 F.3d 246, 266–67 (4th Cir. 2014). When the First Amendment right of access applies, the moving party must show that sealing the entire brief is "necessitated by a compelling government interest." Id. Furthermore, when presented with a motion to seal, the court must "(1) provide public notice of the sealing request and a reasonable opportunity for the public to voice objections to the motion; (2) consider less drastic

alternatives to closure; and (3) if it determines that full access is not necessary, it must state its reasons—with specific findings—supporting closure and its rejections of less drastic alternatives." Id. at 272 (citing In re Knight Pub. Co., 743 F.2d 231, 234–35 (4th Cir. 1984)); Stone v. University of Maryland Med. Sys. Corp., 855 F.2d 178, 180–81 (4th Cir. 1988).

Defendants argue that protecting the confidentiality of plaintiff's medical records and other confidential DPS records justifies wholesale sealing of memorandum of law and statement of material facts, relying on statutory and regulatory provisions protecting the confidentiality of these documents. See (DE 55). Significant portions of the memorandum and statement, however, do not disclose the contents of plaintiff's medical records or confidential DPS records. With respect to the memorandum and statement of material facts, the court finds redacting these filings is a less drastic alternative to wholesale sealing. See Doe, 749 F.3d at 272.

Turning to the appendix of exhibits, plaintiff does not oppose sealing these records, and the public has received adequate notice of the motion to seal. Plaintiff's interest in the confidentiality of his medical records and DPS's interests in protecting its confidential records are compelling government interests necessitating sealing. See Health Insurance Portability and Accountability Act of 1996, Pub. L. 104-191, 110 Stat. 1936 (codified at 29 U.S.C. § 1181 et seq.); N.C. Gen. Stat. §§ 148-76. The court finds that the materials sought to be sealed within the appendix appear throughout the filings and no less drastic alternatives to sealing are available.

Accordingly, the motion to seal is granted in part and denied in part. The motion is granted as to the appendix of exhibits but denied as to the memorandum of law and statement of material facts.[4] On the schedule set forth below, defendants shall provide proposed redactions to the

---

[4] Although the motion to seal is denied as to the memorandum and statement of material facts, these documents will remain under seal and unavailable to the public. The redacted copies will be the only versions on the public

8

memorandum of law and statement of material facts. Defendants shall redact only such information that is protected from disclosure by governing law and that has not previously been disclosed on the court's docket. Upon the court's inspection and approval, a redacted copy of these filings will be made a part of the public record. If the court determines proposed redactions of any portions of these filings are not subject to sealing, further notice will follow.

## CONCLUSION

Based on the foregoing, defendants' motion for summary judgment (DE 52) is GRANTED, and plaintiff's motion for summary judgment (DE 49) is DENIED. Defendants' motion to seal (DE 55) is GRANTED in part and DENIED in part on the terms set forth above. Defendants are DIRECTED to provide the necessary redactions to the memorandum of law and statement of material facts for filing on the public docket within **21 days** of entry of this order. The proposed redactions shall be transmitted to the court by U.S. Mail, addressed to the case manager in New Bern. The unredacted filings shall remain under seal. Finally, the clerk is DIRECTED to close this case.

SO ORDERED, this the 30th day of August, 2022.

_____
LOUISE W. FLANAGAN
United States District Judge

---

docket. See Local Civil Rule 79.2(b).